IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00452-RJC

| CAROLYN A. RUTHERFORD TATE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| MECKLENBURG POLICE DEPARTMENT, RONALD L. TATE, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's letter-motion seeking reconsideration of the dismissal of her July 31, 2017 Complaint. (Doc. No. 6.) The Court dismissed the pro se Complaint on the grounds that it was frivolous and failed to state a claim upon which relief may be granted, see 28 U.S.C. § 1915(e). (Doc. No. 4).

The Federal Rules of Civil Procedure permit a court to correct orders and provide relief from judgment under certain circumstances, including:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud[,] . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). None of those circumstances apply here.

To the extent it is intelligible, Plaintiff's Complaint appears to seek enforcement of one or more domestic relations orders entered by an unidentified state court, reimbursement from her ex-husband for certain injuries, reinstatement of parental rights, relief from harassment by her

1

ex-husband's girlfriends, and a number of other nonsensical forms of relief. (Compl., Doc. No. 1). Plaintiff claims the following injuries: "Hearsay – missiles – brain damage, (illegible) of operations, children brutalized, brain trauma inside of body [and] forced psycho medication, mental cruelties, being (illegible) [and] exposed to family, inlaws [sic], relatives[,] friends, and his various associations." (Compl. 3). In seeking reconsideration of the Court's frivolity review, Plaintiff explains:

> I requested your Honorable Decision for Federal Payment and Health Aid from my ex-husband, that he is in contempt of Court Orders of 90 CVD 459. I also request that the Orders be enforced with adequate Counsel and Representation for 1/2 the mentioned Military Pension exact Amount as mentioned, Health Care for ruffles and damages he has obtained through his evasive manipulations and actions with unsavory and dubious persons by way of inadequate considerations and circumstances from our Top Secret Clearance Orders of the United States Government and U.S. Militarys [sic].

(Letter-motion 1, Doc. No. 6).

Many of the facts alleged in the Complaint hint, at a minimum, of delusion. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). More importantly, however, Plaintiff has not alleged facts which set forth a claim under federal law.

A federal district court has jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C.A. § 1331. Plaintiff has not pled facts indicating a violation of federal law or of the United States Constitution; nor has she pled facts that would allow the Court to identify a federal law or constitutional right Plaintiff might be attempting to invoke. Notably, although she names the "Mecklenburg Police Department" as a defendant, Plaintiff does not plead any relevant facts related to that entity. Furthermore, she does not allege that Defendant Ronald Tate, her ex-husband, was a state actor at any time relevant to her Complaint. See e.g., 42 U.S.C. § 1983.

In short, Plaintiff has failed to state a cause of action under federal law. See Ashcroft v.

2

Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Moreover, Plaintiff has not pled sufficient facts to indicate that the Court has jurisdiction over this action.

Federal courts are "courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). They possess only the power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541–42 (1986).

As noted, Plaintiff has not stated a cause of action arising under a federal law or the federal Constitution. See § 1331. A federal district court also has original jurisdiction over a case or controversy involving citizens of different states, if the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1332(a)(1). Nothing in the Complaint indicates that diversity jurisdiction exists here. In fact, Plaintiff provides North Carolina addresses for herself and both Defendants. Consequently, she has failed to allege sufficient facts indicating the Court has jurisdiction over this action.

In sum, Plaintiff is not entitled to relief from judgment under Fed. R. Civ. P. 60(b). Additionally, the Court concludes that it does not have subject matter jurisdiction over the above-captioned action.

**IT IS, THEREFORE, ORDERED** that Plaintiff's letter-motion seeking reconsideration of the dismissal of her Complaint (Doc. No. 6) is **DENIED**.

Signed: September 30,

Robert J. Conrad, Jr.
United States District Judge